## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 28 2018, 11:55 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher L. Clerc
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dillon M. Goff,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | February 28, 2018<br><br>Court of Appeals Case No.<br>03A01-1710-CR-2311<br><br>Appeal from the Bartholomew<br>Circuit Court<br><br>The Honorable Kelly S. Benjamin,<br>Judge<br><br>Trial Court Cause Nos.<br>03C01-1705-F6-2614<br>03C01-1707-F6-4010 |

**Vaidik, Chief Judge.**

# Case Summary

[1]     Dillon M. Goff appeals his sentence, arguing that the trial court abused its discretion by not recognizing two mitigators. Finding no abuse of discretion, we affirm.

# Facts and Procedural History

[2]     On May 7, 2017, officers with the Columbus Police Department were dispatched to an address following a report that a car had struck a house. When the officers arrived, they observed that the car was partially inside the house and that both occupants of the car, including the driver Goff, were unconscious and barely breathing. The officers determined that they were suffering from an opioid overdose and administered Narcan; shortly thereafter both Goff and the passenger regained consciousness. The officers found two used syringes in the car: one on the driver's side floorboard and the other on the front-passenger-side floorboard. According to the passenger, Goff had injected heroin while he was driving. Goff was taken to the hospital, where he admitted to police that he was driving the car and that he had injected heroin; however, he did not recall striking the house. The State charged Goff with Level 6 felony unlawful possession of a syringe and Class A misdemeanor operating a vehicle while intoxicated under Cause No. 03C01-1705-F6-2614. Goff was released on his own recognizance and ordered to abide by the conditions of his pretrial release order, one of which was to obtain drug treatment. *See* Appellant's App. Vol. II p. 53.

[3] On July 7, 2017, medical staff at Columbus Regional Hospital called the Columbus Police Department about suspicious items they had found in Goff's possession: a syringe, a spoon, and a "tied off baggie." *Id.* at 51. Medical staff told responding officers that when they found the items in Goff's possession, he told them he was "checking himself out of the hospital." *Id.* The officers spoke with Goff, who admitted that the items were his and that they were drug-related. The State charged Goff with Level 6 felony unlawful possession of a syringe and Class C misdemeanor possession of paraphernalia under Cause No. 03C01-1707-F6-4010.

[4] In August 2017, Goff and the State entered into a plea agreement. *Id.* at 38. According to the agreement, Goff would plead guilty to Level 6 felony unlawful possession of a syringe and Class A misdemeanor operating a vehicle while intoxicated in Cause No. F6-2614 and Level 6 felony unlawful possession of a syringe in Cause No. F6-4010. In exchange, the State would dismiss the Class C misdemeanor in F6-4010 as well as a third cause number in its entirety.[1] Finally, the agreement provided that the sentences in Cause No. F6-2614 would be served concurrent to each other but consecutive to the sentence in Cause No. F6-4010.

[5] At sentencing, the trial court identified one mitigator, Goff's "youthful" age of twenty-one, and four aggravators: (1) Goff has a history of delinquent activity

---

[1] Goff was charged with Level 6 felony unlawful possession of a syringe and Class C misdemeanor possession of paraphernalia in Cause No. 03C01-1705-F6-2616 for an event that occurred in April 2017.

(three for offenses that would be felonies if committed by an adult); (2) Goff has violated his probation every time (three times) that he has been placed on it; (3) Goff was on pretrial release when he committed the offense in F6-4010; and (4) Goff had been offered drug treatment previously, but it was not effective. *Id.* at 18-19; Tr. Vol. II pp. 25-29. In Cause No. F6-2614, the trial court sentenced Goff to 730 days for unlawful possession of a syringe and 180 days for operating a vehicle while intoxicated, to be served concurrently. In Cause No. F6-4010, the court sentenced Goff to 730 days for unlawful possession of a syringe. The court ordered the sentences in the two cause numbers to be served consecutively, for an aggregate term of four years.

[6] Goff now appeals.

# Discussion and Decision

[7] Goff contends that the trial court should have identified his guilty plea and cooperation with police as mitigators. Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal for an abuse of discretion. *Anglemyer v. State,* 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.*

[8] One way that a trial court may abuse its discretion is by not recognizing mitigators that are clearly supported by the record and advanced for consideration. *Id.* at 491. The defendant bears the burden of demonstrating that "the trial court failed to find or identify a mitigating factor by establishing that the mitigating evidence is both significant and clearly supported by the record." *McElfresh v. State*, 51 N.E.3d 103, 112 (Ind. 2016) (quotation omitted). Remand for resentencing may be the appropriate remedy "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Anglemyer*, 868 N.E.2d at 491.

[9] An allegation that the trial court abused its discretion by not identifying a guilty plea as a mitigator "requires the defendant to establish that the mitigating evidence is not only supported by the record but also that the mitigating evidence is significant." *Anglemyer*, 875 N.E.2d at 220-21. "[A] guilty plea may not be significantly mitigating when it does not demonstrate the defendant's acceptance of responsibility or when the defendant receives a substantial benefit in return for the plea." *Id*. at 221 (citation omitted). In addition, a guilty plea may not be significantly mitigating where the evidence against the defendant is so strong that the decision to plead guilty is merely pragmatic. *Barker v. State*, 994 N.E.2d 306, 312 (Ind. Ct. App. 2013), *reh'g denied*, *trans. denied*.

[10] Here, Goff received a substantial benefit as a result of his plea in that the State dismissed a Class C misdemeanor under Cause No. F6-4010 and a third felony cause number in its entirety. In addition, the evidence against Goff was strong,

making the decision to plead guilty most likely a pragmatic one. In Cause No. F6-2614, Goff's crimes were discovered after he used drugs and drove his car into a house. Police found Goff unconscious behind the wheel with a used syringe at his feet, and the passenger told police that Goff had injected heroin while he was driving. In Cause No. F6-4010, hospital staff found a syringe and drug paraphernalia in Goff's possession and called police. Accordingly, we cannot say that the trial court abused its discretion by not identifying Goff's guilty plea as a mitigator.

[11] Goff also argues that the trial court should have identified his cooperation with police as a mitigator separate from and in addition to his guilty plea; however, we find this argument waived because Goff did not advance it at sentencing. If the defendant fails to advance a mitigator at sentencing, we will presume that the factor is not significant, and the defendant is precluded from advancing it as a mitigator for the first time on appeal. *Anglemyer*, 868 N.E.2d at 492. Waiver notwithstanding, the trial court did not abuse its discretion by not identifying Goff's cooperation with police as a mitigator for the same reasons that the court did not abuse its discretion by not identifying his guilty plea as a mitigator. *See Battles v. State*, 688 N.E.2d 1230, 1237 (Ind. 1997) ("[Because] defendant's eventual capture and arrest were nigh unavoidable, . . . we cannot say that the trial court abused its discretion in failing to find that his voluntary statement to the police was a mitigating factor entitled to any significant weight.").

[12] In any event, because of the aggravators identified by the trial court, including that Goff committed the offense in Cause No. F6-4010 while he was on pretrial

release in Cause No. F6-2614 and supposed to be seeking drug treatment and that Goff has violated probation every time he has been placed on it, we can say with confidence that the trial court would have imposed the same sentence even had it identified Goff's guilty plea and cooperation with police as mitigators. We therefore affirm the trial court.

[13] Affirmed.

May, J., and Altice, J., concur.